UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE LINNAN,<br><br>    Plaintiff<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social<br>Security Administration[1],<br><br>    Defendant | Case No.: 3:19-cv-00225-LRH -WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 25 |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's counsel's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (ECF Nos. 25, 25-1 to 25-7.) Plaintiff Nicole Linnan did not file a response. The Commissioner filed a response. (ECF No. 26.) Plaintiff's counsel filed a reply. (ECF No. 27.)

After a thorough review, it is recommended that the motion be granted.

## I. BACKGROUND

Plaintiff Nicole Linnan, represented by counsel, filed a complaint requesting review of the final decision of the Commissioner and an application to proceed *in forma pauperis* (IFP) (ECF Nos. 1, 3.) The court granted the IFP application and allowed the complaint to proceed. (ECF No. 6.) Plaintiff filed a motion for summary judgment seeking reversal and/or remand.

---

[1] This complaint was filed against Commissioner Nancy A. Berryhill, who was succeeded by Andrew Saul, who has now been succeeded by Dr. Kilolo Kijakazi. Dr. Kijakazi is automatically substituted in place of Andrew Saul under Federal Rule of Civil Procedure 25(d).

(ECF No.15.) The parties subsequently filed a stipulation to voluntarily remand the case pursuant to sentence four of 42 U.S.C. § 405(g), and to entry of judgment for Plaintiff. (ECF No. 18.) The court approved the stipulation, and judgment was entered in favor of the Plaintiff. (ECF Nos. 19, 20.) The parties then stipulated to the award and payment of attorney's fees and expenses in the amount of $3,800 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), which the court also approved. (ECF Nos. 21, 22.)

On remand, the decision for Plaintiff was fully favorable, and the parties agree that Plaintiff was entitled to receive $76,624 in retroactive benefits. (ECF Nos. 25-2, 25-3, ECF No. 26 at 2, n. 1.)

Plaintiff's counsel has now filed a motion for attorney's fees in the amount of $19,100 under 42 U.S.C. § 406(b), with a credit to the Plaintiff for the EAJA fees previously paid in the amount of $3,800.

## II. LEGAL STANDARD

The court may award fees when it "renders a judgment favorable to a claimant … who was represented before the court by an attorney … not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1).

"[A]n award under §406(b) compensates an attorney for all the attorney's work before a federal court on behalf of the Social Security claimant in connection with the action that resulted in past-due benefits." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1220 (9th Cir. 2012). "The fee is payable 'out of, and not in addition to, the amount of past-due benefits' awarded to the claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (citing §406(b)(1)). "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are

set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. at 807.

In conducting the fee analysis, the court should begin with the contingent fee agreement and determine if it is within the 25 percent cap, and then test it for reasonableness. *Gisbrecht*, 535 U.S. at 808. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808).

*Crawford* has set forth factors that district courts should consider in determining the reasonableness of the fee, including (1) the character of the representation (whether there was substandard performance or delay attributable to the attorney requesting the fees); (2) the results achieved; (3) whether the benefits of the representation were out of proportion with the time spent on the case; and (4) the risk assumed by counsel in accepting the case. *Crawford*, 586 F.3d at 151-52. "'[A]s an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement,' but 'not as a basis for satellite litigation,' the court may require counsel to provide a record of the hours worked and counsel's regular hourly billing charge for noncontingent cases." *Id*. at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). The attorney bears the burden of establishing that the fee sought is reasonable. *Id*. at 1145, 1148 (citing *Gisbrecht*, 535 U.S. at 807) (approving requests for fees with an effective hourly rate of $659, $813, and $875); *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) ("Since *Gisbrecht* … district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non-contingency-fee

arrangements" because "courts recognize that basing a reasonableness determination on a simple hourly rate is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss.").

Finally, when fees are awarded under the EAJA, and fees are also awarded under section 406(b) in the same court, the court must offset the EAJA award against the section 406(b) award. *Gisbrecht*, 535 U.S. at 796; *Parrish*, 698 F.3d at 1221.

### III. DISCUSSION

Here, the contingency agreement was for a fee of 25 percent of past due benefits awarded if Plaintiff was successful, and is therefore within the 25 percent statutory cap. (ECF No. 25-1.)

Next, the court will address the *Crawford* factors. First, there is no issue with the character of the representation, i.e., nothing in the record suggests counsel's performance was substandard. There is no delay or dilatory conduct attributable to Plaintiff's counsel. Second, Plaintiff's counsel achieved a successful result—a voluntary remand where Plaintiff was awarded a substantial sum of past due benefits. (ECF No. 25-2.) Third, the benefits of representation are not out of proportion with the time spent on the case. 20.5 hours of attorney and paralegal time were spent on this case. The fee of $19,100 for 20.5 hours of work translates to an hourly rate of $931.71 ($19,100 ÷ 20.5 hours), or an hourly rate of $746.34 after the EAJA fees in the amount of $3,800 are offset ($19,100 - $3,800=$15,300 ÷ 20.5 hours).

Courts within this circuit have awarded fees under section 406(b) for similar rates. *See e.g. Crawford*, 586 F.3d at 1153 (approving effective hourly rates of $519, $875, and $902); *Mandler v. Saul,* No. 2:13-cv-01636-GMN-GWF, 2020 WL 7335662 (D. Nev. Dec. 14, 2020); *Melendez Meza v. Berryhill,* No. EDCV 16-1286-KS, 2019 WL 1751833, at *3 (C.D. Cal. Feb. 25, 2019) ("The Ninth Circuit has found reasonable fees with effective hourly rates exceeding

$900, and the Central District of California has repeatedly found reasonable fees with effective hourly rates exceeding $1,000 per hour."); *Rolleri v. Berryhill*, 3:16-cv-HDM-WGC, 2019 WL 1646394 (D. Nev. April 16, 2019) (approving hourly rate of $923.91, and $788.04 with EAJA offset); *McCullough v. Berryhill*, Case No. 16-cv-00625-BLF, 2018 WL 6002324 (N.D. Cal. Nov. 15, 2018) (approving effective hourly rate of $874.72); *Harrell v. Berryhill*, Case No. 16-cv-02428-TSH, 2018 WL 4646735, at *4 (N.D. Cal. Sept. 24, 2018) (finding de facto hourly rate of $1,213 reasonable under *Gisbrecht*); *Lopez v. Colvin*, Case No. 6:14-cv-1910-SI, 2017 WL 168060, at *2 (N.D. Cal. Jan. 17, 2017) (approving effective hourly rate of $1,131); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (approving effective hourly rate of $1,546.39).

      Counsel has submitted billing records in support of the requested fee that the court has reviewed and finds the work performed to be reasonable. (ECF No. 25-4.) Finally, counsel, as in most all Social Security cases, assumed a risk of going uncompensated in accepting the case and that the time before past due benefits were awarded, if any, could be quite lengthy within both the courts and the administration.

      While the hourly rate is relatively high, the amount of fees sought is within the 25 percent statutory cap, the plaintiff filed no objection to the request and counsel achieved an excellent result for his client.

      The Commissioner points out that when Plaintiff received her award notices, she was advised that $12,773.25 and $5,345.50 of her past due benefits were withheld for attorney's fees, for a total of $18,118.75. The Commissioner acknowledges that Plaintiff agreed to pay counsel up to 25 percent of any past-due benefits award under the contingency fee agreement. The Commissioner contends, however, that when the attorney's fees awarded exceed the amount of

the 25 percent withheld by the Commissioner, the court lacks the authority to order the agency to make payment and the attorney must recover fees directly from the client.

In addition, the Commissioner argues that the $3,800 in EAJA fees should not just be credited or offset against the fees awarded under section 406(b), but should be refunded to the Plaintiff.

In his reply brief, Plaintiff's counsel asks that the court award the fee of $19,100, and direct the Commissioner to pay him the amount of $19,100, to the extent possible, from the amount withheld by the Commissioner from Plaintiff's past due benefits. In the event the amount withheld is insufficient, as the Commissioner has asserted it is, Plaintiff's counsel asks the court to direct Plaintiff's counsel to recover the difference from Plaintiff; however, he also asks the court to order that he reimburse Plaintiff, or credit against any amount owed him by Plaintiff, the $3,800 in EAJA fees. Plaintiff's counsel notes that many courts have ordered net fees.

Applying *Gisbrecht* and *Crawford*, the court concludes that the fees requested are reasonable and should be awarded under section 406(b) in the amount of $19,100. The court will now address whether Plaintiff's counsel can offset the $3,800 in EAJA fees from the award of $19,100 under section 406(b), or whether Plaintiff's counsel is required to directly refund the $3,800 to the Plaintiff.

"Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and [the EAJA]. However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under [the EAJA] if the two were for the 'same work." *Parrish v. Comm. of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012) (citing *Gisbrecht*, 535 U.S. at 796). The

savings provision states: "where the claimant's attorney receives fees for the same work under both [42 U.S.C. § 406(b)] and [28 U.S.C. § 2412 (the EAJA)], the claimant's attorney [must refund] to the claimant the amount of the smaller fee." *Id*. (citing Pub. L. No. 99-80, § 3, 99 Stat. 183 (1985) (uncodified) (alterations original).

The Ninth Circuit held that "[w]here the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award." *Parrish*, 698 F.3d at 1221. In *Crawford v. Astrue,* 586 F.3d 1142 (9th Cir. 2009), the Ninth Circuit stated in a footnote that the district court had properly reduced the section 406(b) fee award by the amount of fees that had already been paid by the government under the EAJA. 586 F.3d at 1144 n. 3.

Other than these statements, the Ninth Circuit does not appear to have further weighed in on the offset or net procedure that Plaintiff's counsel advances here.

In *McGraw v. Barnhart,* 450 F.3d 493 (10th Cir. 2006), the claimant's counsel sought to fulfill the obligation to pay the smaller amount of the EAJA and section 406(b) award to the claimant "by deducting the amount of his EAJA fee from his [section 406(b)] fee request, so that the Commissioner would simply make a larger refund to [the claimant]." 450 F.3d 493, 497 n. 2. The district court disapproved of this practice and the Tenth Circuit concluded "it is more appropriate for counsel to make the required refund to his client, rather than to delegate that duty to the Commissioner." *Id.*

In *Jackson v. Commissioner of Social Security,* 601 F.3d 1268 (11th Cir. 2010), the Eleventh Circuit held that the claimant's attorney may offset the EAJA award "by making a corresponding reduction to his 42 U.S.C. § 406(b) fee request." 601 F.3d at 1269. "[N]othing in the Savings Provision commands courts to order a specific refund procedure if the claimant's

7

attorney has already taken other steps to effectuate the refund." *Id*. at 1272. The court reasoned: "Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled— the attorney does not get a double recovery." *Id*. at 1273. The Eleventh Circuit also pointed out that the district court in *Gisbrecht* employed this type of offset procedure, "and the Supreme Court did not indicate that there were any problems with this procedure." *Id*.

The Seventh Circuit recently addressed this issue in *O'Donnell v. Saul,* 983 F.3d 950 (7th Cir. 2020). In that case, the district court initially issued an order allowing the Commissioner to pay counsel the difference between the award under section 406(b) and the EAJA. 983 F.3d at 953. The court then issued a new order which still granted the motion for fees, but ordered counsel to refund to the claimant the amount of the EAJA fee award. *Id*. at 954. The Seventh Circuit concluded that the Savings Provision "expressly contemplates a 'refund' of the smaller award" and found that "a 'refund' is a 'return of money to a person who overpaid.'" *Id*. at 956 (citing Black's Law Dictionary (11th ed. 2019). The Seventh Circuit held that the "Savings Provision imposes an obligation on the attorney—not the court, not the Commissioner—to return the amount of the smaller fee to the claimant[.]" *Id*. at 957. The Seventh Circuit said that "even if the netting method is permissible under §406(b)(1), it is 'disfavor[ed]' in light of the Savings Provision's language that anticipates an attorney-to-claimant refund." *Id*. (citing *Martinez v. Berryhill*, 699 Fed.Appx. 775, 776 (10th Cir. 2017). The Seventh Circuit found "no statutory requirement that the court order netting in any or all circumstances. Instead the Savings Provision contemplates a refund by the attorney, and § 406(b)(1) vests the court with discretion to award reasonable fees not exceeding 25% of the claimant's past due benefits." *Id*.

Some district courts within this circuit, including this court, have followed the Eleventh Circuit, and simply allow the EAJA award to be offset or subtracted from the section 406(b) fee award. *See e.g. Perez v. Comm. of Soc. Sec.,* No. 1:17-cv-01726-EPG, 2021 WL 168345, at *4 (E.D. Cal. Jan. 19, 2021); *Shaffer v. Saul,* No. CV-18-0608-TUC-BGM, 2020 WL 3971774, at *2 (D. Ariz. July 14, 2020); *Gaona v. Berryhill,* No. 17-cv-03364-KAW, 2020 WL 2542018, at *3 (N.D. Cal. May 19, 2020); *Kane v. Berryhill,* No. 18-cv-02114-KAW, 2020 WL 978631, at *2 (N.D. Cal. Feb. 28, 2020); *Mosqueda v. Comm'r of Soc. Sec.,* No. 15-cv-06082-KAW, 2019 WL 1084178, at *2 (N.D. Cal. Mar. 7, 2019); *Hardisty v. Berryhill,* No. 3:15-cv-00265-LRH-WGC, 2017 WL 2791050, at * 5 (D. Nev. Apr. 27, 2017), *report and recommendation adopted,* 2017 WL 2784340 (D. Nev. Jun. 27, 2017); *Fatheree v. Colvin,* No. 1:13-cv-01577-SKO, 2017 WL 131896 (E.D. Cal. Jan. 12, 2017); *Clester v. Comm'r of Soc. Sec.*, No. CIV 09-765-ST, 2011 WL 344036, (D. Or. Jan. 7, 2011); *Pennington v. Comm'r of Soc. Sec.*, No. CV 07-1816-ST, 2010 WL 3491522, at *5 (D. Or. July 29, 2010), *report and recommendation adopted*, No. 07-1816-ST, 2010 WL 3491521 (D. Or. Aug. 31, 2010).

Others have concluded that the Savings Provision requires that counsel refund the amount of the EAJA award to the claimant. *See Martinez v. Saul*, No. 1:14-cv-00578-SKO, 2021 WL 535404, at *4-5 (E.D. Cal. Feb. 12, 2021); *Her v. Saul,* No. 1:18-cv-01218-SKO, 2020 WL 5702133, at *4 (E.D. Cal. Sept. 24, 2020).

Others have interpreted *O'Donnell* as recognizing that the court has discretion to utilize the net approach or to require the claimant's attorney to refund the EAJA fees directly to the claimant. *See e.g. Koroma v. Comm. of Soc. Sec.,* 2021 WL 3190727, at *2 (D. Ariz. July 28, 2021) ("Assuming *arguendo* that the 'net award' method is permissible, *see, e.g., Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012), it remains within the court's

discretion to award fees in the usual way[.]"; *Desiree D. v. Saul*, 3:19-cv-01522-RBM, 2021 WL 1564331, at *4 (S.D. Cal. Apr. 20, 2021).

It is worth pointing out that in *Parrish*, the district court found it was appropriate to "deduct" the prior EAJA award from the section 406(b) award. *See Parrish v. Astrue*, No. CV-08-969-HU, 2011 WL 1458031, at *6 (D. Or. Mar. 3, 2011), *report and recommendation adopted in* 2011 WL 1458028 (D. Or. Apr. 14, 2011). The Ninth Circuit concluded that the district court correctly offset the EAJA award from the section 406(b) award. *Parrish,* 698 F.3d at 1221.

The court finds the Eleventh Circuit's reasoning persuasive: "Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled— the attorney does not get a double recovery." *Jackson,* 601 F.3d 1273. As such, the court concludes that it can exercise its discretion to order Plaintiff's counsel to directly refund the EAJA fees to Plaintiff or to order the EAJA fees be deducted from the award of fees under section 406(b), for a net fee award. Here, the court will exercise its discretion to allow Plaintiff to utilize the latter refund method.

The court finds Plaintiff's counsel is entitled to fees in the amount of $19,100 under section 406(b); however, this award shall be reduced by $3,800, the amount of the EAJA fee award, for a net award of $15,300. This is less than the $18,118.75 withheld by the Commissioner, which obviates the Commissioner's argument that Plaintiff's counsel must seek any amount that exceeds the amount of fees withheld from the Plaintiff.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** the motion for attorney's fees under § 406(b), and awarding Plaintiff's counsel $19,100, but this amount shall be reduced by the $3,800 in EAJA fees, for a net award of $15,300.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 26, 2021

_____
William G. Cobb
United States Magistrate Judge